**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gabriel Lopez, | No. CV-16-0670-TUC-BGM |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn,[1] *et al.*, | |
| Respondents. | |

Currently pending before the Court is Petitioner Joseph Gabriel Lopez's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10), and Petitioner replied (Doc. 15). The Petition is ripe for adjudication.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Initial Charge and Sentencing*

Petitioner was charged with one (1) count each of burglary in the first degree and theft by control and three (3) counts of possession of a deadly weapon by a prohibited possessor. Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101,

---

[1] The Court takes judicial notice, that Charles Ryan is no longer the Director of the Arizona Department of Corrections ("AZDOC"). As such, the Court will substitute the Director of the AZDOC, David Shinn, as a Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Indictment (Exh. "A") (Doc. 11) at 3–4.[2]  On May 30, 2008, the trial court granted Petitioner's motion to sever the prohibited possessor counts from the burglary and theft by control charges.  *Id.*, Ariz. Superior Ct., Pima County, Case No. CR20073101, Minute Entry 5/30/2008 (Exh. "B") (Doc. 11) at 17.  Following a jury trial, Petitioner was found guilty of one (1) count of burglary in the first degree and one (1) count of theft by control and/or by controlling stolen property with a value of at least $3,000 but less than $25,000.  *Id.*, Ariz. Superior Ct., Pima County, Case No. CR20073101, Sentence of Imprisonment (Exh. "C") (Doc. 11) at 19, 21–22.  On September 4, 2008, Petitioner was sentenced to a partially aggravated term of imprisonment of twenty (20) years on the burglary count and a concurrent partially aggravated term of imprisonment of eighteen (18) years of imprisonment on the theft by control count.[3]  *Id.*, Exh. "C" at 21–22.

## B.    Direct Appeal

On September 8, 2017, counsel for Petitioner filed a Notice of Appeal from the judgment and sentence.  Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Def.'s Not. of Appeal and Request for New Counsel 9/8/2017 (Exh. "D") (Doc. 11).  On March 17, 2009, counsel for Petitioner filed an *Anders*[4] brief with the Arizona Court of Appeals.[5]  *Id.*, Ariz. Ct. of Appeals, Case No. 2 CA-CR 2008-0311,

---

[2] Page citations refer to the CM/ECF page number for ease of reference.

[3] On the same date, Petitioner pled guilty to one (1) count of possession of a deadly weapon by a prohibited possessor and sentenced to a concurrent, aggravated term of imprisonment of three (3) years.  Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR-20070021, Sentence of Imprisonment (Exh. "C") (Doc. 11) at 19–20, 23.  The trial court granted the State's motion to dismiss the remaining prohibited possessor counts.

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

[5] The Arizona Court of Appeals has described the procedure of filing an *Anders* brief as follows:

> Under our procedure, when appointed counsel determines that a defendant's case discloses no arguable issues for appeal, counsel files an *Anders* brief. The brief contains a detailed factual and procedural history of the case, with citations to the record. *See Scott,* 187 Ariz. at 478 n.4, 930 P.2d at 555 n.4. Counsel submits the brief to the court and the defendant. The defendant is then given the opportunity to file a brief *pro per.* After receiving all briefing, the court reviews the entire record for reversible error. If any arguable issue presents itself, the court directs

- 2 -

Appellant's Opening Br. 3/17/2009 (Exh. "E") (Doc. 11). On November 5, 2009, the Arizona Court of Appeals directed the State to file a brief "addressing whether appellant was correctly convicted of a class three felony and whether fundamental error occurred." *Id.*, Ariz. Ct. of Appeals, Case No. 2 CA-CR 2008-0311, Order 11/5/2009 (Exh. "F") (Doc. 11). Consistent with the appellate court's direction, the State filed its Answering Brief. *Id.*, Ariz. Ct. of Appeals, Case No. 2 CA-CR 2008-0311, Appellee's Answering Br. (Exh. "G") (Doc. 11). Petitioner did not file a *pro se* supplemental brief.

On December 29, 2009, the Arizona Court of Appeals affirmed the jury's guilty verdict, but modified Petitioner's conviction as to Count 2, Theft by Control, vacated the sentence as to that count, and remanded for resentencing. *Id.*, Ariz. Ct. of Appeals, Case No. 2 CA-CR 2008-0311, Mem. Decision 12/29/2009 (Exh. "H") (Doc. 11). The court of appeals observed that "count two of the indictment charged Lopez with theft by control and/or controlling stolen property 'with a value of $3,000 or more, but less than $25,000,' which it designated a class three felony." Answer (Doc. 10), Exh. "H" at 62. The appellate court noted that the verdict form, which was consistent with the indictment, "included a special interrogatory asking the jury to determine the value of the property Lopez had stolen." *Id.*, Exh. "H" at 62. "The jury marked the space on the interrogatory indicating it had found the value of the property to be '[a]t least $3,000.00 but less than $25,000.00.'" *Id.*, Exh. "H" at 63 (alterations in original). The appellate court indicated that "[w]hen Lopez committed the offense on August 2, 2007, A.R.S. § 13-1802(E) provided that '[t]heft of property or services with a value of four thousand dollars or more but less than twenty-five thousand dollars is a class 3 felony[,] . . . but [t]heft of

---

appointed counsel to brief the issue. Only after the court has ascertained that counsel has conscientiously performed his or her duty to review the record, and has itself reviewed the record for reversible error and found none, will the court allow counsel to withdraw. *See State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). We conclude that this procedure permits counsel to perform ethically, while simultaneously ensuring that an indigent defendant's constitutional rights to due process, equal protection, and effective assistance of counsel are protected.

*State v. Clark*, 196 Ariz. 530, 537, 2 P.3d 89, 96 (Ct. App. 1999).

property with a value of at least $3,000 but less than $4,000 was a class four felony." Answer (Doc. 10), Exh. "H" at 63 (citations omitted). The appellate court found that "Lopez was sentenced for a class three felony without the jury having made a necessary finding for that classification of the offense." *Id.*, Exh. "H" at 64 (citations omitted). After reviewing the evidence presented at trial, the appellate court held that "if the jury had known the state was required to establish the value of stolen property was $4,000, rather than $3,000, it might not have found the state had sustained its burden." *Id.*, Exh. "H" at 65–67.

As such, the court of appeals "modif[ied] Lopez's conviction on count two, reduce[d] the class of felony to a class four, vacate[d] the sentence on that count, and remand[ed] th[e] matter to the trial court for resentencing on count two." *Id.*, Exh. "H" at 67. The court of appeals affirmed Petitioner's convictions and sentences in all other respects. *Id.*, Exh. "H" at 67. On August 12, 2010, Petitioner was resentenced on Count Two, Theft by Control and/or by Controlling Stolen Property, to a presumptive ten (10) year term of imprisonment to be served concurrently with the sentences previously imposed. Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Minute Entry 8/12/2010 (Exh. "I") (Doc. 11).

### C.    *Initial Post-Conviction Relief Proceeding*

On August 7, 2009, Petitioner filed his Notice of Post-Conviction Relief ("PCR"). Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Pet.'s Not. of PCR 8/7/2009 (Exh. "J") (Doc. 11). On December 23, 2010, Petitioner filed a second PCR Notice. *Id.*, Ariz. Superior Ct., Pima County, Case No. CR20073101, Pet.'s Not. of PCR 12/23/2010 (Exh. "K") (Doc. 12). Petitioner explained that he had received "a letter dated November 23, 2010 that [his] Rule 32 proceeding was terminated." *Id.*, Exh. "K" at 6. Petitioner noted that his Rule 32 had been stayed pending the outcome of his direct appeal. *Id.*, Exh. "K" at 6. On August 29, 2011, Petitioner filed his Petition for Post-Conviction Relief. *Id.*, Ariz. Superior Ct., Pima County, Case No. CR20073101, Pet.'s Petition for PCR (Exh. "L") (Doc. 12).

### 1. **PCR Petition**

Petitioner asserted two claims for relief including 1) whether the aggravated sentence imposed on Count One, first degree burglary, of the indictment constituted an illegal sentence, and 2) ineffective assistance of appellate counsel for failing to raise the issue of an illegal sentence on appeal. Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Pet.'s Pet. for PCR (Exh. "L") (Doc. 12). Petitioner urged that "[n]either the Court nor the jury found that any of the enumerated aggravating factors listed in A.R.S. 13-702(C) were applicable to this case[,] [and] [t]he lack of such findings render[ed] Petitioner's aggravated sentence illegal and a violation of the Petitioner's constitutional right to the due process of law[.]" Answer (Doc. 10), Exh. "L" at 13. Petitioner further argued that appellate counsel's failure to assert a claims regarding the classification of Petitioner's Count Two conviction and that his aggravated sentence on Count One constituted an illegal sentence was ineffective assistance. *Id.*, Exh. "L" at 15. On October 13, 2011, the State filed its response agreeing that Petitioner was entitled to re-sentencing on Count One. Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, State's Resp. to Rule 32 Pet. for PCR (Exh. "M") (Doc. 12).

### 2. **Rule 32 Court Order**

On February 1, 2012, the Rule 32 court resentenced Petitioner as to Count One, burglary in the first degree. Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Minute Entry Re-Sentencing (Sentence of Imprisonment as to Count One Only) 2/1/2012 (Exh. "N") (Doc. 12). The court imposed a mitigated term of fourteen (14) years of imprisonment for Petitioner's burglary in the first degree conviction. *Id.*, Exh. "N" at 22.

### 3. **PCR Appeal**

On February 22, 2012, Petitioner filed a Notice of Appeal from Superior Court. Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Not. of Appeal from Sup. Ct. (Exh. "O") (Doc. 12). Petitioner sought review by the Arizona

Court of Appeals urging that the trial court erred in relying on Petitioner's past admissions of prior convictions from his original "flawed" sentencing proceedings to enhance the sentence imposed at re-sentencing. *See* Answer (Doc. 10), Court of Appeals, State of Arizona, Case No. 2 CA-CR2012-0050, Appellant's Opening Br. (Exh. "P") (Doc. 12) at 37–43.

On October 29, 2012, the Arizona Court of Appeals affirmed Petitioner's sentence. *See* Answer (Doc. 10), Court of Appeals, State of Arizona, Case No. 2 CA-CR 2012-0050, Mem. Decision 10/29/2012 (Exh. "S") (Doc. 12). The appellate court noted that Petitioner "acknowledge[d] he did not raise this argument in the trial court and has forfeited relief for all but fundamental, prejudicial error." *Id.*, Exh. "S" at 75 (citing *State v. Henderson*, 210 Ariz. 561, ¶¶ 19–20, 115 P.3d 601, 607 (Ariz. 2005)). The appellate court found that Petitioner had not shown error. *Id.*, Exh. "S" at 76. The court of appeals reiterated Arizona's rule that "[a] defendant's admission of the truth of the allegation of prior conviction [is] conclusive in all subsequent proceedings." *Id.*, Exh. "S" at 76 (citing *Wallace v. State ex rel. Eyman*, 5 Ariz. App. 377, 379, 427 P.2d 358, 360 (Ariz. 1967)) (internal quotations omitted) (second alteration in original). The court of appeals found Petitioner's "sentence was set aside; his admission was not." *Id.*, Exh. "S" at 77. In making this finding, the appellate court also noted that "Lopez d[id] not suggest his admission was not compliant with Rule 17, [Arizona Rules of Criminal Procedure], or identify any other error[.] *Id.*, Exh. "S" at 77. As such, the appellate court rejected Petitioner's claim and affirmed the sentence imposed. *Id.*, Exh. "S" at 78.

On January 28, 2013, Petitioner filed his Petition for Review to the Arizona Supreme Court. *See* Answer (Doc. 10), Arizona Supreme Court, Case No. CR-12-0486-PR, Pet.'s Pet. for Review (Exh. "T") (Doc. 12). On May 14, 2013, the Arizona Supreme Court denied review. *See* Answer (Doc. 10), Arizona Supreme Court, Case. No. CR-12-0486-PR, Memorandum 5/14/2013 (Exh. "U") (Doc. 13).

### D. Second Post-Conviction Relief Proceeding

On July 2, 2013, Petitioner filed another PCR Notice. *State of Arizona v. Lopez*,

Ariz. Superior Ct., Pima County, Case No. CR20073101, Notice in Chambers Re: Not. of PCR 10/22/2013.[6]  On October 22, 2013, the Rule 32 court appointed counsel and directed counsel to file a PCR petition within sixty (60) days.  *Id.*  On October 15, 2014, Petitioner timely filed his PCR Petition.  Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Pet.'s Pet. for PCR 1/15/2014 (Exh. "V") (Doc. 13); *see also State of Arizona v. Lopez*, Ariz. Superior Ct., Pima County, Case No. CR20073101, Docket (reflecting extensions of time to file PCR).

## 1. **PCR Petition**

Petitioner asserted two claims for relief including 1) ineffective assistance of counsel regarding a plea offer, and 2) ineffective assistance of prior counsel for failing to raise the first issue.  Answer (Doc. 10), Exh. "V" at 7.  Petitioner urged that "he had been advised by trial counsel of a plea offer with a presumptive sentence of 10.5 years[,] . . . but request to see the plea in written form to ensure that he understood the terms of the plea."  *Id.*, Exh. "V" at 7–8.  Petitioner further asserts that he never received a written plea offer, and "[d]ays before the trial . . . was to start[,]" he asked trial counsel's investigator for a written offer.  *Id.*, Exh. "V" at 8.  Subsequently, Petitioner met with trial counsel who told him that the plea offer had expired.  *Id.*, Exh. "V" at 8.  Petitioner asserts that he was unaware of any time limit and asked counsel to ask the prosecutor to resurrect the plea, but counsel advised him that it was too late.  *Id.*, Exh. "V" at 8.  Petitioner asserts that he would have accepted that plea if he had seen it in writing and been fully advised of its terms.  Answer (Doc. 10), Exh. "V" at 8.  Petitioner further argued that if the court determined that Petitioner had waived the plea issue or was otherwise precluded from raising the issue, this would have been the result of prior counsel would constitute ineffective assistance.  *Id.*, Exh. "V" at 10.

---

[6] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Arizona state court orders and proceedings are proper material for judicial notice. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (taking judicial notice of orders and proceedings before another tribunal).

## 2. Rule 32 Court Order

On January 6, 2015, the Rule 32 court issued its order denying and dismissing the Petition for PCR.  Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Ruling, In Chambers Re: Petition for Post-Conviction Relief – Rule 32 1/6/2015 (Exh. "Z") (Doc. 13).  The Rule 32 court reviewed the Arizona state post-conviction relief rule regarding the preclusion of remedies and found that "Defendant [was] precluded from raising his claim of ineffective assistance of trial counsel regarding an alleged verbal plea agreement."  *Id.*, Exh. "Z" at 84 (citing Ariz. R. Crim. P. 32.2).  The Rule 32 court further held that "[a] claim that post-conviction counsel was ineffective is not a cognizable ground for relief in a subsequent post-conviction proceeding."  *Id.*, Exh. "Z" at 84 (citing *State v. Escareno-Meraz*, 307 P.3d 1013, 1014 (Ariz. Ct. App. 2013); then citing *State v. Krum*, 903 P.2d 596, 599 (Ariz. 1995)).  In making these findings, the Rule 32 court observed that "Defendant [] had two appeals, and two Rule 32 proceedings each with a different attorney appointed[,] . . . [but] failed to raise the ineffective assistance of counsel claim for the alleged plea agreement[.]"  Answer (Doc. 10), Exh. "Z" (Doc. 13) at 84.  As such, the Rule 32 court denied and dismissed Petitioner's petition.  *Id.*, Exh. "Z" at 84.

## 3. PCR Appeal

On February 5, 2015, Petitioner filed a Petition for Review and an Amended Petition for Review with the Arizona Court of Appeals.  Answer (Doc. 10), Court of Appeals, State of Arizona, Case No. 2 CA-CR2015-0045-PR, Pet. for Review (Exh. "AA") (Doc. 13) & Amended Pet. for Review (Exh. "BB" (Doc. 14).  Petitioner sought review asserting that he was denied effective assistance of counsel when trial counsel allegedly "failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea."  *Id.*, Exh. "BB" at 8–9.  Petitioner further asserted that he was entitled to an evidentiary hearing on this issue.  *Id.*, Exh. "BB" at 9.  Petitioner also argued that *State v. Krum*[7] and *State v. Escareno-Meraz*,[8] relied on by the

---

[7] 183 Ariz. 288, 903 P.2d 596 (Ariz. 1995).

Rule 32 court, were inapplicable to the facts of his case. *Id.*, Exh. "BB" at 10–11. Petitioner asserted that "[t]hese cases present an illogical and unfair state of the law" and are at odds with federal law and the Arizona constitution. *Id.*, Exh. "BB" at 11–12.

On April 29, 2015, the Arizona Court of Appeals granted review, but denied relief. *See* Answer (Doc. 10), Ariz. Ct. App., Case No. 2 CA-CR 2015-0045-PR, Mem. Decision 4/29/2015 (Exh. "DD") (Doc. 14). The appellate court noted that "[t]he trial court summarily denied [Petitioner's] claim, concluding that it was precluded based on Lopez's failure to raise it in a previous Rule 32 proceeding and that Lopez had not been entitled to effective assistance of counsel in his earlier proceedings." *Id.*, Exh. "DD" at 20. The appellate court recognized that "Arizona courts consistently have stated that, for non-pleading defendants like Lopez,[] there is no constitutional right to counsel in post-conviction proceedings and, thus, despite the existence of state rules providing counsel, a claim that Rule 32 counsel was ineffective is not a cognizable ground for relief in a subsequent Rule 32 proceeding." *Id.*, Exh. "DD" at 20 (citations omitted). As such, the appellate court confirmed that the trial court was correct and denied relief. *Id.*, Exh. "DD" at 20.

On May 27, 2015, Petitioner sought review by the Arizona Supreme Court. Answer (Doc. 10), Ariz. Ct. App., Case No. 2 CA CR 2015-0445-PR, Pet.'s Pet. for Review 5/27/2015 (Exh. "EE"). On October 27, 2015, the Arizona Supreme Court denied review. Answer (Doc. 10), Ariz. Supreme Ct., Case No. CR-15-0183-PR, Memorandum 10/27/2015 (Exh. "FF").

### E. The Instant Habeas Proceeding

On October 11, 2016, Petitioner filed his Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner asserts three (3) grounds for relief. *See* Petition (Doc. 1). First, Petitioner alleges that the "[t]rial court erred in relying on Mr. Lopez's past admission of prior convictions from the original flawed sentancing [sic] proceedings to enhance his sentence

---

[8] 232 Ariz. 586, 307 P.3d 1013 (Ariz. Ct. App. 2013).

[sic] upon re-sentencing [sic]." *Id.* at 6. Petitioner urges that the "State should have been required to re-prove the prior historical felony convictions, if Mr. Lopez chose to admit such felonies proper Rule 17 procedure should have been set[.]" *Id.* Petitioner further urges that "since this was an entirely new sentence [sic], trial court [sic] was required to make new findings as to the prior conviction either by following the process prescribed in Rule 17.6 or by requiring the State to prove their validity." *Id.* Petitioner opines that the court "cannot rely on previous sentencing [sic] process in 2008 that has been proven to be unreliable and significantly flawed." *Id.* Second, Petitioner asserts that trial counsel was ineffective regarding a potential plea offer of 10.5 years imprisonment. Petition (Doc. 1) at 7. Petitioner alleges that trial counsel never presented a written plea offer to him, despite Petitioner's request, and the plea offer was withdrawn before Petitioner could accept it. *Id.* Petitioner asserts that he was unaware that the offer would expire, and he would have "accepted [the] plea had it been provided to him in writing and explained." *Id.* Third, Petitioner claims that counsel was ineffective because "counsel's conduct undermined the process and proper functioning of the adversarial process[,] . . . was deficient and results [sic] of the proceedings would have been different[,] [and] [the] failure of appellate counsel to raise an issue of fundamental error is deficient conduct which prejudiced the defendant." *Id.* at 8.

On December 14, 2016, Respondents filed their Limited Answer (Doc. 10), and on December 27, 2016, Petitioner replied (Doc. 15).


## II. STANDARD OF REVIEW

### A. *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody:

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 2854, 168 L. Ed. 2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)). Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181, 131 S. Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S. Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts

before it, arrives at a different result.  *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt*, 134 S. Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S. Ct. at 786–87) (alterations in original).

## B.    *Exhaustion of State Remedies*

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts.  28 U.S.C. § 2254(b)(1)(A).  This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 1204, 71 L. Ed. 2d 379 (1982).  As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004) (internal quotations omitted).  Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose*, 455 U.S. at 518, 102 S. Ct. at 1203 (internal citations omitted).  This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."  *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S. Ct. 587, 590, 94 L. Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented."  28 U.S.C. § 2254(c).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971).  The fair

presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S. Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).

### C.     Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available'

to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S. Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S. Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the

judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S. Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quotations and citations omitted) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S. Ct. 2661, 2666, 91 L. Ed. 2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S. Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner

cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1572–73, 71 L. Ed. 2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S. Ct. 2616, 2627, 91 L. Ed. 2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

**III.    STATUTE OF LIMITATIONS**

   ***A.    Timeliness***

   As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation.  *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).    The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody.  28 U.S.C. § 2244(d)(1).   Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

   Respondents assert that, pursuant to the AEDPA, Petitioner's one-year limitation period expired, absent tolling, on August 12, 2014.  Answer (Doc. 10) at 5.  Respondents further assert that Petitioner's second petition for post-conviction relief did not toll the limitations period, because it was filed after the one-year AEDPA time limit had expired.  *Id.*  The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 4, 128 S. Ct.

- 17 -

2, 3, 169 L. Ed. 2d 329 (2007). An application for State post-conviction relief is "'properly filed' when its deliver and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). Statutory tolling of the limitations period ends "[a]fter the State's highest court has issued its mandate or denied review, [because] no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceeding "determined" when the Arizona Supreme Court denied petition for review).

"[I]n Arizona, post-conviction 'proceedings begin with the filing of the Notice.'" *Hemmerle*, 495 F.3d at 1074 (quoting *Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)). Petitioner filed his second-round Notice of Post-Conviction Relief on July 2, 2013. *State of Arizona v. Lopez*, Ariz. Superior Ct., Pima County, Case No. CR20073101, Notice in Chambers Re: Not. of PCR 10/22/2013. This PCR notice was "properly filed," and therefore tolled AEDPA's one-year statute of limitations. This was prior to the ninety (90) day expiration of Petitioner's time for seeking a writ of certiorari by the Supreme Court of the United States. As such, Petitioner's Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## IV. ANALYSIS

### A. Ground One: Prior Convictions

Petitioner alleges that the "[t]rial court erred in relying on Mr. Lopez's past admission of prior convictions from the original flawed sentancing [sic] proceedings to enhance his sentence [sic] upon re-sentencing [sic]." Petition (Doc. 1) at 6. Petitioner urges that the "State should have been required to re-prove the prior historical felony convictions, if Mr. Lopez chose to admit such felonies proper Rule 17 procedure should have been set[.]" *Id.* Petitioner further urges that "since this was an entirely new sentence [sic], trial court was required to make new findings as to the prior conviction

- 18 -

either by following the process prescribed in Rule 17.6 or by requiring the State to prove their validity." *Id.* Petitioner opines that the court "cannot rely on previous sentencing [sic] process in 2008 that has been proven to be unreliable and significantly flawed." *Id.*

As discussed in Section II.A., *supra*, this Court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Federal habeas corpus relief is not for the purpose of correcting errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). Petitioner's claim seeks relief for an alleged misapplication of state law, and as such, it is not cognizable in federal habeas corpus.

### B.    Ground Two: Ineffective Assistance of Trial Counsel

Petitioner asserts that trial counsel was ineffective regarding a potential plea offer of 10.5 years imprisonment. Petition (Doc. 1) at 7. Petitioner alleges that trial counsel never presented a written plea offer to him, despite Petitioner's request, and the plea offer was withdrawn before Petitioner could accept it. *Id.* Petitioner asserts that he was unaware that the offer would expire, and he would have "accepted [the] plea had it been provided to him in writing and explained." *Id.* Petitioner raised this issue to both the trial and appellate courts in his second post-conviction relief proceeding.

As discussed in Section II.C., *supra*, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 728, 111 S. Ct. 2546, 2254, 115 L. Ed. 2d 650 (1991). This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Here, the appellate court recognized that "Arizona courts consistently have stated that, for non-pleading defendants like Lopez,[] there is no constitutional right to counsel in post-conviction proceedings and, thus, despite the existence of state rules providing counsel, a claim that Rule 32 counsel was ineffective is not a cognizable

ground for relief in a subsequent Rule 32 proceeding." Answer (Doc. 10), Ariz. Ct. App., Case No. 2 CA-CR 2015-0045-PR, Mem. Decision 4/29/2015 (Exh. "DD") (Doc. 14) at 20 (citations omitted). As such, the appellate court confirmed that the trial court was correct and denied relief. *Id.*, Exh. "DD" at 20. Therefore, Petitioner's claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted). Therefore, Petitioner's claim is denied.

### C. Ground Three: Ineffective Assistance of Counsel

Petitioner claims that counsel was ineffective because "counsel's conduct undermined the process and proper functioning of the adversarial process[,] . . . was

deficient and results [sic] of the proceedings would have been different[,] [and] [the] failure of appellate counsel to raise an issue of fundamental error is deficient conduct which prejudiced the defendant." Petition (Doc. 1) at 8.

"As a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original). This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.* As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

Petitioner's claim is devoid of facts sufficient to determine which counsel he alleges was ineffective. As the Rule 32 court recognized, "Defendant [] had two appeals, and two Rule 32 proceedings each with a different attorney appointed[.]" Answer (Doc. 10), Ariz. Superior Ct., Pima County, Case No. CR20073101, Ruling, In Chambers Re: Petition for Post-Conviction Relief – Rule 32 1/16/2015 (Exh. "Z") (Doc. 13). The Court finds Petitioner failed to present this federal claim to the state courts, and it is now procedurally defaulted. Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S. Ct. 1060, 1068, 103 L. Ed. 2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause

and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").  Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).  As such, Petitioner has failed to meet the cause and prejudice standard or demonstrate a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 748, 111 S. Ct. at 2564 (citations and quotations omitted).  Therefore, Petitioner's claim is denied.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## VI. CONCLUSION

Based upon the foregoing, the Court finds that Petitioner Joseph Gabriel Lopez's Petition (Doc. 1) is without merit and shall be denied.

Accordingly, IT IS HEREBY ORDERED that:

1)    Petitioner Joseph Gabriel Lopez's Petition Pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1) is DENIED;

2)    A certificate of appealability is DENIED, because reasonable jurists would not find the Court's ruling debatable.  See 28 U.S.C. § 2253;

3)    This matter is DISMISSED with prejudice;

4)    The Clerk of Court shall enter judgment and close its file in this matter.


Dated this 19th day of March, 2020.

Honorable Bruce G. Macdonald
United States Magistrate Judge